## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 25 2023

Nathan Ochsner, Clerk of Court

**JARREL CLEVELAND**
**Plaintiff,**

**v.**

No. _____
Hon. _____

**SHERIFF, HARRIS COUNTY**
**In His Individual and Official**
**Capacities; UNKNOWN POLICE**
**AND SHERIFF'S OFFICERS**
**INVOLVED IN THE PROCESSING**
**OF LAB REPORTS, AND CONTINUED**
**INCARCERATION OF PLAINTIFF**
**BEFORE AND AFTER JANUARY 24, 2013,**
**In their Official and Individual Capacities,**
            **Defendants,**

---

## COMPLAINT WITH JURY DEMAND

This is a civil rights action filed by Jarrel Cleveland, a former prisoner of the above named defendants, for damages under 42 U.S.C. § 1983, alleging unlawful incarceration in violation of the Eighth Amendment and Fourteenth Amendment to the United States Constitution.

## JURISDICTION

1. This Court has jurisdiction over Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(1) and 1332, (As the Plaintiff and Defendants are citizens of different states and this controversy involves damages exceeding $75,000 and 1343.

2. The Court has supplemental jurisdiction over any of Plaintiff's claims arising under the laws of the State of Texas.

## PARTIES

3. The Plaintiff, Jarrel Cleveland, was incarcerated in the Harris County Jail during the events described in this complaint.
4. Defendants remain unnamed other than their titles, as Plaintiff is without the resources or access to ascertain them. Nonetheless they are all employees of the Harris County Sheriff's offices or its contractual or concerted peripheries.

## FACTS

5. On October 5, 2021, the Harris County District Attorney's Office, in a letter to the plaintiff (see attached Exhibit 1) informed him that their office had "received' information that the evidence obtained by arresting officer's on March 12, 2012, which officers charged as "cocaine – 0.1 grams," was indeed not cocaine, and was not any controlled substance (Please see Exhibit 2 attached Lab Report provided by Harris County District Attorney to Plaintiff.)
6. In order to receive probation with no time in jail and a deferred adjudication of guilt and to retain all rights that would otherwise be forfeited; and to avoid the strain and cost of a trial; Plaintiff pleaded guilty to the charge cited above and received two years *deferred probation*. This was done a mere 3 days subsequent the arrest. (Please see Exhibit 3. Order of Def. Probation).
7. On August 24, 2013, despite having been apprised by the laboratory report seven months prior on January 24, 2013, that the substance for which possession of, Plaintiff was arrested, was indeed *not* cocaine, nor any other controlled substance, the Plaintiff was adjudicated as guilty of committing a felony and sentenced to 7 months in the Texas Dept. of Crim. Justice, State Jail Division. Which sentence he served in its entirety in the Harris County Jail. (Please see Exhibit 4, Adjudication)
8. Subsequent to being provided the information and lab report, Plaintiff – with the assistance of counsel – filed an APPLICATION FOR A WRIT OF *HABEAS CORPUS* SEEKING RELIEF FROM [A] FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE ARTICLE 11.07 under Texas Law. (Exhibit 5 attached).
9. The grounds for the sought writ were as follows:
   > "In light of the laboratory report in this case, Applicant's conviction for possession of a controlled substance in pg.1, less than 1 gram (cocaine) violates Applicant's right to due process."

10. The "FACTS SUPPORTING GROUND ONE:" were reflected in identical nature as to those provided above, except to the extent that the 4th, 5th, and 6th enumeration of facts included additionally the following:

> 4) "The evidence in this case cannot support a conviction for possession of a controlled substance in pg. 1, less than 1 gram (cocaine).
>
> 5) The improper conviction in this violates Applicant's right to due process.
>
> 6) *Applicant suffers from the continued consequences from this improper conviction, including the possible use of this conviction: to deny housing, federal benefits; as a punishment enhancement; to justify imposition of progressive punishment sanction; during the punishment phase of a trial; as a basis to justify the denial of parole; as a basis to increase or deny bail; and continued economic/ emotional/physical harm stemming from conviction in this case"*
>
> (Exhibit 5 *at 6-7*)

11. The second ground stated: "In light of the laboratory report, Applicant's plea was involuntary." This ground was supported by mostly the same supporting facts. (Exhibit 5 *at 8-9*).

12. On December 7, 2021 the Texas District Court for 337th District of Harris County, Texas issued a RECOMMENDATION REGARDING APPLICATION FOR WRIT OF *HABEAS CORPUS*, in support of Plaintiff's Application to the TEXAS COURT OF CRIMINAL APPEALS (Please see Exhibit 6 attached – State District Court's Recommendation.)

13. On January 26, 2022, the Texas Court of Criminal Appeals (TCCA), in *Ex Parte Jarrel Cleveland*, No. WR-93, 410-01 (Tex. Crim. App. 2022) granted relief to Plaintiff under Texas State Law, and *Brady v. United States*, 397 U.S. 742 (1970). (Exhibit 7 attached ORDER of TCCA)

## CLAIMS FOR RELIEF

14. Defendant's intentionally enforced, instead of rescinding, The sentences imposed on Plaintiff despite both the probationary periods and the 7 months incarceration he was forced to serve which was imposed some roughly eight months *subsequent* to the defendants having been informed by the laboratory that Plaintiff was indeed never in possession of a controlled substance.

15. All defendants acted under color of state law, and in both their individual and official capacities at all times relevant to this complaint.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Issue a declaratory judgment stating that:
1. The injury suffered by Plaintiff as a result of Defendant's actions constituted an unlawful incarceration under state and federal law.
2. That the actions of the Defendants constituted deliberate denial of Plaintiff's constitutional rights by on several occasions continually enforcing the illegal probation, sentence, and incarceration of the Plaintiff when in possession of, and having been informed of, the fact that the Plaintiff was indeed not culpable of the crime for which they were maintaining personal jurisdiction over (and custody of) the plaintiff.

B. Award compensatory damages based upon the following, and in the following amounts:

## TEXAS COURT OF CRIMINAL APPEALS (TCCA) RULING'S IMPACT ON THIS CIVIL RIGHTS COMPLAINT

The TCCA issued an opinion consistent with the findings and recommendations of the Texas State 337th District Court that in pertinent part relevant to this section of the instant complaint regarding damages, found that:

"6.    Applicant will continue to suffer from collateral consequences, including possible use of this conviction:

[1]    to deny housing;
[2]    federal benefits, and state benefits;
[3]    as a punishment enhancement;
[4]    to justify imposition of progressive punishment enhancement(s);
[5]    during punishment phase of a trial;
[6]    as a basis to justify the denial of parole;
[7]    as a basis to increase or deny bail;
[8]    and continued economic/emotional/physical harm stemming from this case.

4

In the context of the forgoing, Plaintiff has indeed, as the Court acknowledged *suffered* from each of these enumerations above, given the Court's recommendation that the underlying conviction referenced be alleviated was to prevent the plaintiff's "*continue[d]* [ ] suffer[ing] from the collateral consequences" of these defendant's actions against this plaintiff.

[1]   DENIAL OF HOUSING

From the moment of the entry of the felony judgment in this case, the Plaintiff has continued to be ineligible for housing in most places due to general restrictions against felons resulting in damages to Plaintiff economically/emotionally/and physically.   For this enumeration, plaintiff requests compensatory damages in the amount of:

$ 180,000.00

[2]   FEDERAL AND STATE BENEFITS

Plaintiff has, under Texas Law, been ineligible to receive federal and state benefits in many categories resulting in significant deprivations to Plaintiff and family.  For such, Plaintiff requests the following in additional compensatory damages.

$ 68,000.00

[3]   AS A PUNISHMENT ENHANCEMENT;

Plaintiff has suffered several punishment enhancements springing from this felony conviction, both statutorily and otherwise, leading to more severe and lengthy incarceration.  As to this item, Plaintiff requests the following in additional compensatory damages:

$ 941,826.00

[4]   TO JUSTIFY IMPOSITION OF PROGRESSIVE PUNISHMENT ENHANCEMENT.

This issue is covered in item [3] above.

[5]   DURING PUNISHMENT PHASE AT TRIAL

Issue Covered Above

5

[6]   AS A BASIS TO JUSTIFY PAROLE

    N/A as to Parole

[7]   DENIAL OF BAIL

    Plaintiff has been denied Bail as a result of this conviction, resulting in his being impeded in assisting in his own defense as to a federal and other case(s).

                                      $ 150,000.00

[8]   ECONOMIC DAMAGES

    (a) At the time of Plaintiff's Incarceration he was a student at North Harris Community College. He was seeking an Associate's Degree. He lost his credits, was expelled, and thus precluded from obtaining his degree, due in part also to his inability to obtain a Pell grant to pay for expenses. Was forced to try to maintain the basic needs of himself and his children without an education, and was thus prevented from gaining the education he had dreamed of having. This has affected his life detrimentally since. Plaintiff, along with others (coupling with emotional impact of this) believes that this unlawful conviction created irreparable harm and led to his family suffering damages following. Nonetheless, as to the economic impact of this loss of education. Plaintiff will aggregate the years of potential lost income not having the education to secure the career that his degree(s) would have allowed in the years following @ $100,000.00 per year for ten (10) years.

                                        $1,000,000.00

    (b) Plaintiff was unable to pay his car not and thus lost his vehicle during the incarceration period. He was also thus unable to drive to search for employment, secure it and then make it to the place of work for a long period.

    (Car and lost wages)           $83,000.00

(c) At the time Petitioner was incarcerated he had been employed, he lost his job and also lost the income during that period.

50 Hour week as mechanic @ $20 per hour ($30 for overtime)

$800.00
+ $300.00
$1200.00 per week
x    28 weeks
$ 33,600.00

[9]   EMOTIONAL DAMAGES

At the time Plaintiff was incarcerated he was the father of four children, engaged to be married, and his fiancée was expecting another child.  As a result of this unlawful incarceration, he missed his child's birth, his fiancée broke the engagement off, and his future with his family in that context was *destroyed* by the acts of these defendants. This has negatively impacted all of his children, his life, the lives of family members, to include his mother, siblings, etc.  And the accompanying shame.  This Plaintiff was not a convicted felon prior to this incarceration.  The collateral and direct impact that this has had on all affected is not plausibly quantifiable. Plaintiff's grandmother with whom he had been very close to passed during this period, and he was not allowed to attend her funeral.  His cousin – who he had grown up with – committed suicide during this period.  He was unable to be present to comfort his family.  Nor were they present to comfort him during this period as he was locked away from them in the cold steel and concrete of a jail cell.  These defendants have effectively *ruined* a significant part of this Plaintiff's life.

$10,000,000.00

Compensatory Total  $11,266,600.00

## PUNITIVE DAMAGES

"The most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419, 123 S. Ct. 1513, 155 L.Ed.2d (2003).

Petitioner requests that Punitive damages in this case be determined by a petit jury.

Further, Plaintiff requests that all damages be cogitated jointly and severally as to the defendants.

Thank You and May God Bless You

Respectfully Submitted                     Date 8 /17 /2023

# EXHIBIT ONE

## LETTER FROM HARRIS COUNTY DISTRICT ATTORNEY

**David Mitcham**
First Assistant

**Vivian King**
Chief of Staff



**Criminal Justice Center**
1310 Prairie Street, Suite 500
Houston, Texas 77002

# HARRIS COUNTY DISTRICT ATTORNEY
## KIM K. OGG

October 5, 2021

Jarrel Cleveland # 06759-579
FDC Houston
PO Box 526255
Houston, Texas 77052

Re:   *State of Texas v. Jarrel Cleveland*
Cause # 1340694
337th District Court

Dear Mr. Cleveland:

The Harris County District Attorney's Office received information that the Laboratory Report in your case shows that the evidence tested negative for a controlled substance. A copy of your lab report is attached to this letter.

This office is notifying you of this information pursuant to its continuing duty under Article 39.14(k) of the Texas Code of Criminal Procedure so that you may take action to have this criminal conviction removed. If you have questions about this letter, the issues concerning the Laboratory Report in your case, or your legal options, please contact an attorney of your choice. In the alternative, you may also contact Bob Wicoff, Harris County Public Defender's Office, Post-Conviction Division at (713) 274-6781 or the Harris County court that handled your case.

Regards,

Gavin Ellis
Assistant District Attorney
Harris County, Texas

GE:ks

cc:   Alex Azzo via email azzoazzo@aol.com
337th District Court

**EXHIBIT TWO**

LABORATORY REPORT
REFERENCE BY DISTRICT ATTORNEY




# Houston Police Department
**Forensic Services Command, Crime Laboratory Division**
**Controlled Substances Section**
1200 Travis Street, Houston, Texas   77002
(713) 308-2600

**Incident Number:**    033263812                    **Report Date:**    January 24, 2013

## Laboratory Report

**Reference:**    N/A

**Suspect(s):**    Jarrel A. Cleveland

**Items of Evidence:**

| Item | Description |
| --- | --- |
| 1 | sealed evidence envelope |
| 1.1 | ziplock with |
| 1.1.1 | tan chunk substance |
| 1.1.2 | ziplock with residue |

**Results and Interpretations:**

| Item | Net Weight | Results |
| --- | --- | --- |
| 1.1.1 | 0.1 grams | No controlled substance identified |
| 1.1.2 | Trace | No controlled substance identified |

Items of evidence not listed under Results and Interpretations were retained with no analysis.

Cloressa Kelly
Criminalist
Assigned Analyst

Mona M Colca
Criminalist
Technical Reviewer
Administrative Reviewer

*The HPD Crime Laboratory is accredited by ASCLD/LAB and the Texas DPS*

Page 1 of 1

**EXHIBIT THREE**

ORDER OF DEFERRED ADJUDICATION



*PG. 85*



CASE NO. 134069401010
INCIDENT NO./TRN: 9167537065A001

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| CLEVELAND, JARREL ALLEN | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX07192778 | § | |

## ORDER OF DEFERRED ADJUDICATION

| Judge Presiding: | HON. HERB RITCHIE | Date Order Entered: | 3/19/2012 |
|---|---|---|---|
| Attorney for State: | J VINAS | Attorney for Defendant: | S SHUKLA |

Offense: POSSESSION (JAG)
~~DELIVERY~~ OF COCAINE LESS THAN ONE GRAM

| Charging Instrument: INFORMATION | Statute for Offense: N/A |
|---|---|

Date of Offense:
3/16/2012

| Degree of Offense: STATE JAIL FELONY | Plea to Offense: GUILTY | Findings on Deadly Weapon: N/A |
|---|---|---|

Terms of Plea Bargain:
2 YEARS DADJ, $200 FINE

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

### ADJUDICATION OF GUILT DEFERRED;
### DEFENDANT PLACED ON COMMUNITY SUPERVISION.

### PERIOD OF COMMUNITY SUPERVISION: 2 YEARS

| Fine: $ 200 | Court Costs: $ 267 | Restitution: $ N/A | Restitution Payable to: ☐ VICTIM (see below)    ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

| Time Credited: | N/A DAYS NOTES: N/A |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

EXHIBIT
C

competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates Defendant's guilt. The Court FINDS that, in this cause, it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on community supervision.

The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS that Defendant is given credit noted above for the time spent incarcerated. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

The Court ORDERS that no judgment shall be entered at this time. The Court further ORDERS that Defendant be placed on community supervision for the adjudged period so long as Defendant abides by and does not violate the terms and conditions of community supervision. See TEX. CODE CRIM. PROC. art. 42.12 § 5(a).

**Furthermore, the following special findings or orders apply:**

Signed and entered on March 19, 2012

X _____

**HERB RITCHIE**
JUDGE PRESIDING

Notice Appeal Filed: _____

Mandate Received: _____

Def. Received on _____ at _____ AM / PM

By: _____, Deputy Sheriff of Harris County

Clerk: J GREEN
ZF
FIN (CAS 20.10): _____   EN/KR13: _____   LCBT: _____   LCBU: _____

Right Thumbprint

## CONDITIONS OF COMMUNITY SUPERVISION

THE STATE OF TEXAS
VS.
JARREL ALLEN CLEVELAND

IN THE 337th DISTRICT COURT OF
HARRIS COUNTY, TEXAS
CAUSE NUMBER 134069401010

On this the 19th day of March, 2012, you are granted 2 Years community supervision for the State Jail felony offense of POSSESSION OF A CONTROLLED SUBSTANCE PG 1 < 1 GRAM in accordance with section 5 of Article 42.12, Texas Code of Criminal Procedure, in the 337th District Court of Harris County, Texas, by the Honorable HERB RITCHIE Judge Presiding. It is the order of this Court that you abide by the following Conditions of Community Supervision:

(1) **Commit no offense** against the laws of this or any other State or of the United States.

(2) **Avoid injurious or vicious habits.** You are forbidden to use, possess, or consume any controlled substance, dangerous drug, marijuana, alcohol or prescription drug not specifically prescribed to you by lawful prescription. **You are forbidden to use, consume, or possess alcoholic beverages.**

(3) **Avoid persons or places** of disreputable or harmful character.

(4) Report immediately in person, to the Community Supervision Officer for the 337TH District Court on the 19th day of March, 2012 and continue to report to the Community Supervision Officer on the 19th of each month thereafter or as directed by the Community Supervision Officer for the remainder of the supervision term unless so ordered differently by the Court.

(5) Permit a Community Supervision Officer to **visit you at your home, place of employment** or elsewhere.

(6) **Abide by the rules and regulations** of the Harris County Community Supervision and Corrections Department (hereinafter referred to as HCCS&CD). Refrain from disorderly conduct, abusive language or disturbing the peace while present at any HCCS&CD office or facility.

(7) **Work faithfully** at suitable employment and present written verification of employment (including all attempts to secure employment) to your Community Supervision Officer on each reporting date. You must notify HCCS&CD within 48 hours of any change in your employment status.

(8) **Remain within a specified place**, to wit: **Harris County**, Texas. You may not travel outside of Harris County, Texas unless you receive prior written permission from the Court through your Community Supervision Officer. You must notify HCCS&CD within 48 hours of any change of residence.

(9) **Support your dependents** as required by law. Provide your Community Supervision Officer with a certified copy of all Court orders requiring payment of child support.

(10) Submit to **RANDOM** drug/alcohol analysis by authorized personnel of HCCS&CD, including any department having courtesy supervision jurisdiction. Provide proof of any medication legally prescribed to you prior to submitting a specimen.

(11) Participate in the HCCS&CD **Community Service Restitution Program (CSRP)**. You shall perform a total of 150 hours, at the rate of 10 hours per **MONTH** beginning 04/19/2012.

(12) Pay the following fees through HCCS&CD as specified herein. All payments MUST be in the form of a MONEY ORDER or Cashier 's Check. Write SPN and Cause # on Money Order or Cashier 's Check. Personal checks will not be accepted. **A $ 2.00 transaction fee will be charged each time you make a payment.**

　12.1　Pay a **Supervision Fee** at the rate of **$ 60.00** per month for the **duration** of your community supervision beginning 04/19/2012 to HCCS&CD.

　12.2　Pay a **Fine of $ 200.00** and **Court Costs** at the rate of **$ 35.00** per month beginning 04/19/2012 to Harris County through HCCS&CD. You are given credit for 0 **DAYS**.

　12.3　Pay Laboratory Fees of $ 5.00 per **MONTH** for the duration of your community supervision beginning 04/19/2012 to HCCS&CD.

　12.4　Pay a **$ 12.50** fee for an **Offender Identification Card** by 04/19/2012 to HCCS&CD.

## CONDITIONS OF COMMUNITY SUPERVISION

For: JARREL ALLEN CLEVELAND                                      Cause: 134069401010

12.5   Pay Attorney Fees of $ 125.00 at the rate of $ 25.00 per month beginning 04/19/2012 to Harris County through HCCS&CD.

12.6   Pay $ 50.00 to the Children"s Assessment Center by 04/19/2012 through HCCS&CD.

(13)   Report in person to HCCS&CD by 04/19/2012 for the purpose of creating and obtaining your Offender Identification Card. You are to carry this identification card on your person at all times.

(14)   Submit to an alcohol/drug evaluation by 05/19/2012 and at anytime thereafter as directed by your Community Supervision Officer. Attend treatment and aftercare as recommended or as designated by the Court, including but not limited to the STAR Drug Court Program. Comply with all program rules, regulations and guidelines until successfully discharged or released by further order of the Court. On each reporting date, submit written verification of your enrollment, attendance and/or successful completion of the program to your Community Supervision Officer, to be retained in HCCS&CD's file.

(15)   Participate in the HCCS&CD Maximum Supervision Program any time that you are assessed by HCCS&CD to require maximum supervision. Comply with all program rules, regulations and guidelines until successfully discharged or released by further order of the Court.

(16)   Submit to an evaluation of your educational skill level by 05/19/2012. If it is determined that you have not attained the average skill of students who have completed the sixth grade in public schools in this State, you shall participate in a program that teaches functionally illiterate persons to read. If you are non- English speaking, you will participate in English as a Second Language (ESL) program, if it is determined there is a need in order for you to meet the state mandate beginning upon referral. Comply with all program rules, regulations and guidelines until successfully discharged or released by further order of the Court. On each reporting date, submit written verification of your enrollment, attendance and/or successful completion of the program to your Community Supervision Officer, to be retained in HCCS&CD's file.

(17)   Provide proof of your High School Diploma/G.E.D. or participate in a General Educational Development (G.E.D.) program beginning 04/19/2012. Comply with all program rules, regulations and guidelines until successfully discharged or released by further order of the Court. On each reporting date, submit written verification of your enrollment, attendance and/or successful completion of the program to your Community Supervision Officer, to be retained in HCCS&CD's file.

(18)   Participate and complete an approved 15 hour Texas Drug Offender Education Program (TDOEP) by 09/19/2012.

(19)   Do not enter into any agreement to act as an informant or special agent of a law enforcement agency without the permission of the Court.

(20)   During term of supervision, client is strictly prohibited from shipping, transporting, possessing, receiving, or purchasing a firearm, altered firearm, or ammunition, or attempting to ship, transport, possess, receive, or purchase a firearm, altered firearm, or ammunition.

(21)   You are not to lie or make false statements to any employee of HCCS&CD beginning 03/19/2012.

(22)   You will not use, ingest, or consume any substance that will alter or adulterate any urinalysis results.

(23)   You must include HCCSCD as a creditor if at any time during the term of your supervision you file for bankruptcy. You must provide verbal notification to HCCSCD of any bankruptcy filing during the term of your supervision, within 72 hours of filing for bankruptcy by contacting your Community Supervision Officer by telephone and providing written notification and documentation, including the "Notice of Bankruptcy Filing", to: Harris County Community Supervision Attention: General Counsel 49 San Jacinto, Suite 600 Houston, Texas 77002.

## 1st AMENDED
## CONDITIONS OF COMMUNITY SUPERVISION

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 337th DISTRICT COURT OF |
| VS. | HARRIS COUNTY, TEXAS |
| JARREL ALLEN CLEVELAND | CAUSE NUMBER 134069401010 |

On this the 19th day of March, 2012, you are granted 2 Years community supervision for the **State Jail** felony offense of POSSESSION OF A CONTROLLED SUBSTANCE PG 1 < 1 GRAM in accordance with section 5 of Article 42.12, Texas Code of Criminal Procedure, in the 337th District Court of Harris County, Texas, by the Honorable HERB RITCHIE Judge Presiding. It is the order of this Court that you abide by the following Conditions of Community Supervision:

(1)   **C**ommit no offense against the laws of this or any other State or of the United States.

(2)   **A**void injurious or vicious habits. You are forbidden to use, possess, or consume any controlled substance, dangerous drug, marijuana, alcohol or prescription drug not specifically prescribed to you by lawful prescription. **You are forbidden to use, consume, or possess alcoholic beverages.**

(3)   **A**void persons or places of disreputable or harmful character.

(4)   Report immediately in person, to the Community Supervision Officer for the 337 District Court on the **19th day of March, 2012** and continue to report to the Community Supervision Officer on the 19th of each month thereafter or as directed by the Community Supervision Officer for the remainder of the supervision term unless so ordered differently by the Court.

(5)   Permit a Community Supervision Officer to **visit you at your home, place of employment or elsewhere.**

(6)   **Abide by the rules and regulations** of the Harris County Community Supervision and Corrections Department (hereinafter referred to as HCCS&CD). Refrain from disorderly conduct, abusive language or disturbing the peace while present at any HCCS&CD office or facility.

(7)   **W**ork faithfully at suitable employment and present written verification of employment (including all attempts to secure employment) to your Community Supervision Officer on each reporting date. You must notify HCCS&CD within 48 hours of any change in your employment status.

(8)   **R**emain within a specified place, to wit: **Harris County**, Texas. You may not travel outside of **Harris County, Texas** unless you receive prior written permission from the Court through your Community Supervision Officer. You must notify HCCS&CD within 48 hours of any change of residence.

(9)   **S**upport your dependents as required by law. Provide your Community Supervision Officer with a certified copy of all Court orders requiring payment of child support.

(10)  Submit to **RANDOM drug/alcohol analysis** by authorized personnel of HCCS&CD, including any department having courtesy supervision jurisdiction. Provide proof of any medication legally prescribed to you prior to submitting a specimen.

(11)  Participate in the HCCS&CD **Community Service Restitution Program (CSRP)**. You shall perform a total of **150** hours, at the rate of **10** hours per MONTH beginning 12/19/2012. **YOU WILL RECEIVE CREDIT FOR ANY HOURS COMPLETED.**

(12)  Pay the following fees through HCCS&CD as specified herein. All payments MUST be in the form of a MONEY ORDER or Cashier 's Check. Write SPN and Cause # on Money Order or Cashier 's Check. Personal checks will not be accepted. **A $ 2.00 transaction fee will be charged each time you make a payment.**

12.1   Pay a **Supervision Fee** at the rate of **$ 60.00** per month for the duration of your community supervision beginning 12/19/2012 to HCCS&CD. **YOU ARE RESPONSIBLE FOR ANY DELINQUENCY.**

12.2   Pay a **Fine** of **$ 200.00** and **Court Costs** at the rate of **$ 35.00** per month beginning 12/19/2012 to Harris County through HCCS&CD. You are given credit for **0 DAYS. YOU ARE RESPONSIBLE FOR ANY DELINQUENCY. YOU WILL RECEIVE CREDIT FOR ANY PAYMENTS MADE.**

# CONDITIONS OF COMMUNITY SUPERVISION

For: JARREL ALLEN CLEVELAND                                    Cause: 134069401010

I understand that under the laws of this State, the Court shall determine the terms and conditions of Community Supervision, and may alter or modify said conditions during the period of Community Supervision. I further understand that failure to abide by these Conditions of Community Supervision may result in the revocation of Community Supervision or an adjudication of guilt.

Community Supervision expires the 18th day of March A.D. 2014

_____
JARREL ALLEN CLEVELAND, DEFENDANT

March 19, 2012
DATE

Signed this 19th day of March A.D. 2012

_____
KERB RITCHIE, PRESIDING JUDGE

_____
KEITH BLACK, CLO/CSO OFFICER

March 19, 2012
DATE

SPN:   02219641

PLEA:   GUILTY



Defendant's Right Thumbprint

1st AMENDED        **CONDITIONS OF COMMUNITY SUPERVISION**

For: JARREL ALLEN CLEVELAND        Cause: 134069401010

(24) You will reside/live with **YOUR MOTHER BILLIE CLEVELAND.** If you voluntarily leave/move prior to receiving permission from the Court it is a violation of your supervision beginning **03/19/2012** until released by further order of the Court.

(25) Observe a curfew from **08:00 PM** until **06:00 AM** seven days per week beginning **03/19/2012** until released by further order of the Court. **CURFEW CALLS TO BE COMPLETED BY HCCS&CD.**

(26) **You must include HCCSCD as a creditor if at any time during the term of your supervision you file for bankruptcy.** You must provide verbal notification to HCCSCD of any bankruptcy filing during the term of your supervision, within 72 hours of filing for bankruptcy by contacting your Community Supervision Officer by telephone and providing written notification and documentation, including the "Notice of Bankruptcy Filing", to: Harris County Community Supervision Attention: General Counsel 49 San Jacinto, Suite 600 Houston, Texas 77002.

1st AMENDED       **CONDITIONS OF COMMUNITY SUPERVISION**

For: JARREL ALLEN CLEVELAND       Cause: 134069401010

12.3    Pay Laboratory Fees of $ 5.00 per **MONTH** for the duration of your community supervision beginning **12/19/2012** to HCCS&CD.

12.4    Pay a $ 12.50 fee for an Offender Identification Card by 12/19/2012 to HCCS&CD. **YOU ARE RESPONSIBLE FOR ANY DELINQUENCY. YOU WILL RECEIVE CREDIT FOR ANY PAYMENTS MADE.**

12.5    Pay Attorney Fees of $ 125.00 at the rate of $ 25.00 per month beginning **04/19/2012** to Harris County through HCCS&CD. **YOU ARE RESPONSIBLE FOR ANY DELINQUENCY. YOU WILL RECEIVE CREDIT FOR ANY PAYMENTS MADE.**

12.6    Pay $ 50.00 to the **Children"s Assessment Center** by **12/19/2012** through HCCS&CD. **YOU ARE RESPONSIBLE FOR ANY DELINQUENCY. YOU WILL RECEIVE CREDIT FOR ANY PAYMENTS MADE.**

(13)   Report in person to HCCS&CD by **12/19/2012** for the purpose of creating and obtaining your **Offender Identification Card.** You are to carry this identification card on your person at all times.

(14)   Submit to an **alcohol/drug evaluation** by **05/19/2012** and at anytime thereafter as directed by your Community Supervision Officer. Attend treatment and aftercare as recommended or as designated by the Court, including but not limited to the **STAR Drug Court Program.** Comply with all program rules, regulations and guidelines until successfully discharged or released by further order of the Court. On each reporting date, submit written verification of your enrollment, attendance and/or successful completion of the program to your Community Supervision Officer, to be retained in HCCS&CD's file.

(15)   Participate in the HCCS&CD **Maximum Supervision Program** any time that you are assessed by HCCS&CD to require maximum supervision. Comply with all program rules, regulations and guidelines until successfully discharged or released by further order of the Court.

(16)   Submit to an evaluation of your educational skill level by **05/19/2012.** If it is determined that you have not attained the average skill of students who have completed the sixth grade in public schools in this State, you shall participate in a program that teaches functionally illiterate persons to read. If you are non- English speaking, you will participate in **English as a Second Language (ESL) program, if it is determined there is a need in order for you to meet the state mandate beginning upon referral.** Comply with all program rules, regulations and guidelines until successfully discharged or released by further order of the Court. On each reporting date, submit written verification of your enrollment, attendance and/or successful completion of the program to your Community Supervision Officer, to be retained in HCCS&CD's file.

(17)   Provide proof of your **High School Diploma/G.E.D.** or participate in a General Educational Development (G.E.D.) program beginning **04/19/2012.** Comply with all program rules, regulations and guidelines until successfully discharged or released by further order of the Court. On each reporting date, submit written verification of your enrollment, attendance and/or successful completion of the program to your Community Supervision Officer, to be retained in HCCS&CD's file.

(18)   Participate and complete an approved 15 hour **Texas Drug Offender Education Program (TDOEP)** by **05/19/2013.**

(19)   Do not enter into any agreement to act as an informant or special agent of a law enforcement agency without the permission of the Court.

(20)   During term of supervision, client is strictly prohibited from **shipping, transporting, possessing, receiving, or purchasing a firearm,** altered firearm, or ammunition, or attempting to ship, transport, possess, receive, or purchase a firearm, altered firearm, or ammunition.

(21)   You are not to lie or make false statements to any employee of HCCS&CD beginning **03/19/2012.**

(22)   You will not use, ingest, or consume any substance that will alter or adulterate any urinalysis results.

(23)   On this date the Court has ordered an extension of Community Supervision of **1 YEAR** with a new expiration date of **03/18/2015.**

# EXHIBIT FOUR

JUDGMENT ADJUDICATING GUILT



CASE NO. 134069401010
INCIDENT NO./TRN: 9167537065A001

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 337TH DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| CLEVELAND, JARREL ALLEN | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX07192778 | § | |

## JUDGMENT ADJUDICATING GUILT

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. LESLIE BROCK YATES | Date Judgment Entered: | 8/14/2013 |
| Attorney for State: | JAMIE REYNA | Attorney for Defendant: | AZZO, ALEX G. |

| | |
|---|---|
| Date of Original Community Supervision Order: 3/19/2012 | Statute for Offense: N/A |

Offense for which Defendant Convicted:
**POSSESSION OF COCAINE LESS THAN ONE GRAM**

EXHIBIT
**D**

| | | |
|---|---|---|
| Date of Offense: 3/16/2012 | | |
| Degree: STATE JAIL FELONY | Plea to Motion to Adjudicate: TRUE | Findings on Deadly Weapon: N/A |

Terms of Plea Bargain:
**7 MONTHS STATE JAIL / $200 FINE**

| | |
|---|---|
| Date Sentence Imposed: 8/14/2013 | Date Sentence to Commence: 8/14/2013 |

Punishment and Place of Confinement: **7 MONTHS STATE JAIL DIVISION, TDCJ**

TH ISSENTEN CE SHALL RUN **CONCURRE NTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| | | | |
|---|---|---|---|
| Fine: $ 200.00 | Court Costs: $ 414.50 | Restitution: $ N/A | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| | | | | | | |
|---|---|---|---|---|---|---|
| Time Credited: | From 3/16/2012 | to 3/19/2012 | | From | to | |
| | From 10/12/2012 | to 11/16/2012 | | From | to | |
| | From 7/22/2013 | to 8/14/2013 | | From | to | |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS** NOTES: N/A

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.
After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court DEFERRED further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of 2 YEARS; (4) The Court assessed a fine of $ 200.00; (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows:

**1st AMENDED CONDITIONS OF COMMUNITY SUPERVISION**

For: <u>JARREL ALLEN CLEVELAND</u>

Cause: <u>134069401010</u>

I understand that under the laws of this State, the Court shall determine the terms and conditions of Community Supervision, and may alter or modify said conditions during the period of Community Supervision. I further understand that failure to abide by these Conditions of Community Supervision may result in the revocation of Community Supervision or an adjudication of guilt.

Community Supervision expires the <u>18th</u> day of <u>March</u> A.D. <u>2015</u>

<u>JARREL ALLEN CLEVELAND, DEFENDANT</u>

<u>November 15, 2012</u>
DATE

**Signed this <u>15th</u> day of <u>November</u> A.D. <u>2012</u>**

HERB RITCHIE, PRESIDING JUDGE

KEITH BLACK, CLO/CSO OFFICER

<u>November 15, 2012</u>
DATE

SPN: <u>02219641</u>

PLEA: <u>GUILTY</u>



Defendant's Right Thumbprint

1ST AMENDED: EXTEND ONE YEAR, NEW ID CARD, NEW ID CARD FEE, LIVE WITH MOTHER, EXTEND ONE YEAR, AND NEW BEGIN DATE FOR TDOEP, NEW BEGIN DATE FOR FEES.

**EXHIBIT FIVE**

APPLICATION FOR WRIT OF *HABEAS CORPUS*

10/28/2021 1:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58832861
By: L Hopkins
Filed: 10/28/2021 1:56 PM

# 13406940101A / Court: 337

Case No. _____

(The district clerk of the county of conviction will fill in this blank.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE ARTICLE 11.07

**NAME:**  Jarrel Cleveland

**DATE OF BIRTH:**  1/31/1998

**PLACE OF CONFINEMENT:** Houston Federal Detention Center (current confinement unrelated to this conviction).

**WARDEN:**  N/A

**TDCJ-CID NUMBER:**  N/A          **SID NUMBER:**  07192778

(1)     This application concerns (check all that apply):

☒  a conviction                    ☐   parole

☐  a sentence                     ☐   mandatory supervision

☐  time credit                    ☐   out-of-time appeal or petition for
                                       discretionary review

(2)     **What are the court number and county of the district court in which you were convicted?**

  337th District Court, Harris County

(3)     **What was the case number in the trial court?** (Put only one case number here, even if it includes multiple counts. You must make a separate application on a separate form for other case numbers.)

  1340694

(4)     **What was the name of the trial judge?**

  Hon. Leslie Brock Yates

---

*Article 11.07 Writ Application Form*          1          *Revised 2018*

(5) **Were you represented by counsel? If yes, provide the attorney's name:**

Yes, Alex G. Azzo

(6) **What was the date that the judgment was entered?**

8/14/2013

(7) **For what offense were you convicted and what was the sentence?**

possession of a controlled substance p.g. 1, less than 1 gram (cocaine); 7 months state jail

(8) **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

N/A

(9) **What was the plea you entered? (Check one.)**

☐ guilty-open plea  ☒ guilty-plea bargain
☐ not guilty  ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

(10) **What kind of trial did you have?**

☒ no jury  ☐ jury for guilt and punishment
☐ jury for guilt, judge for punishment

(11) Did you testify at trial?  If yes, at what phase of the trial did you testify?
 ___No___

(12) Has your sentence discharged?  ☒ yes   ☐ no

 If you answered yes, when did your sentence discharge?  _Approximately 3/14/14_

(13) Did you appeal from the judgment of conviction?

 ☐ yes                    ☒ no

 If you did appeal, answer the following questions:

 (A) Which court of appeals decided the appeal? _____

 (B) What was the case number? _____

 (C) Were you represented by counsel on appeal? If yes, provide the attorney's name: _____

 (D) What was the decision and the date of the decision? _____
 _____

(14) Did you file a petition for discretionary review in the Court of Criminal Appeals?

 ☐ yes                    ☒ no

 If you did file a petition for discretionary review, answer the following questions:

 (A) What was the case number? _____

 (B) What was the decision and the date of the decision? _____
 _____

(15) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *the conviction in this case number?*

 ☐ yes                    ☒ no

 If you answered yes, answer the following questions:

 (A) What was the Court of Criminal Appeals' writ number? _____
 (B) What was the decision and the date of the decision? _____

*Article 11.07 Writ Application Form*              3              *Revised 2018*

(C) Please briefly explain why the current grounds were not presented and could not have been presented in your previous application.

_____

_____

_____

_____

_____

(16)   Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                          ☒ no

If you answered yes, please provide the name of the court and the case number:

_____

(17)   If you are presenting a time credit claim, other than for pre-sentence jail time credit, have you exhausted your administrative remedies by presenting the time credit claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies.)

☐ yes                          ☐ no

If you answered yes, answer the following questions:

(A)   What date did you present the claim to the time credit resolution system?

_____

(B)   Did you receive a decision and, if yes, what was the date of the decision? _____

_____

If you answered no, please explain why you have not presented your time credit claim to the time credit resolution system of the Texas Department of Criminal Justice:

_____

_____

_____

_____

(18)   Beginning on page 6, state concisely every legal ground for why you think that you are being illegally confined or restrained and then briefly summarize the facts supporting each ground. You must present each ground and a brief summary of the facts on the application form. <u>If your grounds and a brief summary of the facts have not been presented on the application form, the Court will not consider your grounds. A factual summary that merely references an attached memorandum or another ground for relief will not constitute a sufficient summary of the facts.</u>

If you have more than four grounds, use pages 14 and 15 of the application form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the application form a memorandum of law if you want to present legal authorities or provide greater factual detail, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the application form. The memorandum of law must comply with Texas Rule of Appellate Procedure 73 and must not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum of law.

<u>**If the application form does not include all of the grounds for relief, additional grounds brought at a later date may be procedurally barred.**</u>

*Article 11.07 Writ Application Form*            5            *Revised 2018*

**GROUND ONE:**

In light of the laboratory report in this case, Applicant's conviction for possession of a

controlled substance in p.g. 1, less than 1 gram (cocaine) violates Applicant's right to due process.

**FACTS SUPPORTING GROUND ONE:**

1) On March 16, 2012 Applicant was charged with possession of a controlled substance in

p.g. 1, less than 1 gram (cocaine).

2) On March 19, 2012, Applicant pled guilty to possession of a controlled substance in p.g. 1,

less than 1 gram (cocaine) in exchange for deferred adjudication. On August 14, 2013, Applicant

pled true to the allegations in the State's Motion to Adjudicate Guilt and was sentenced to seven

months state jail pursuant to the plea agreement.

3) On January 24, 2013, the Houston Police Department Crime Laboratory analyzed the evidence

in Applicant's case, and it was determined that the evidence did not contain a controlled substance.

4) The evidence in this case cannot support a conviction for possession of a controlled substance

in pg. 1, less than 1 gram (cocaine).

5) The improper conviction in this case violates Applicant's right to due process.

6) Applicant suffers from the continued consequences from this improper conviction, including

the possible use of this conviction: to deny housing, federal benefits, and state benefits; as a

punishment enhancement; to justify imposition of progressive punishment sanctions; during

the punishment phase of a trial; as a basis to justify the denial of parole; as a basis to increase or

deny bail; and continued economic/emotional/physical harm stemming from conviction in this case.

**GROUND TWO:**

In light of the laboratory report, Applicant's plea is involuntary.

**FACTS SUPPORTING GROUND TWO:**

1) On March 16, 2012, Applicant was charged with possession of a controlled substance in p.g. 1, less than 1 gram (cocaine).

2) On March 19, 2012, Applicant pled guilty to possession of a controlled substance in p.g. 1, less than 1 gram (cocaine) in exchange for deferred adjudication. On August 14, 2012, Applicant pled true to the allegations in the State's Motion to Adjudicate Guilty and was sentenced to seven months in state jail pursuant to the plea agreement.

3) On January 13, 2013, the Houston Police Department Crime Laboratory analyzed the evidence in Applicant's case, and it was determined that the evidence did not contain a controlled substance.

4) Applicant was not made aware of the lab report before pleading guilty.

5) The evidence in this case cannot support a conviction for possession of a controlled susbtance in p.g. 1, less than 1 gram (cocaine).

6) Applicant was not aware of the relevant circumstances regarding Applicant's case or the relation of the law to those circumstances when Applicant pled guilty.

7) Applicant would not have pled guilty to possession of a controlled substance in p.g. 1,

less than 1 gram (cocaine) but for the belief that the evidence supported his conviction.

8) Applicant suffers from the continued consequences from this conviction, including the

possible use of his conviction; to deny housing, federal benefits, and state benefits; as a

punishment enhancement; to justify imposition of progressive punishment sanctions; during the

punishment phase of a trial; as a basis to increase or deny bail; and continued

economic/emotional/physical harm stemming from the conviction in this case.

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

GROUND _____:

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, I PRAY THAT THE COURT GRANT THE RELIEF TO WHICH APPLICANT MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application form *must be verified* in one of the following ways by either an applicant or a petitioner or it may be dismissed for noncompliance.

*Applicants*

In order to verify this application form, an applicant must sign one of the following:

(1) the "Unsworn Declaration" for inmates (page 16) if applicant is an inmate; or
(2) the "Unsworn Declaration" for non-inmates (page 17) if applicant is not an inmate; or
(3) the "Oath Before a Notary Public" before a notary public (page 18).

*Petitioners*

If a petitioner, including an attorney, presents an application form on behalf of an applicant, the petitioner may verify the application form for the applicant. In order to verify this application form, a petitioner must sign one of the following:

(1) the "Unsworn Declaration" for inmates (page 16) if petitioner is an inmate; or
(2) the "Unsworn Declaration" for non-inmates (page 17) if petitioner is not an inmate; or
(3) the "Oath Before a Notary Public" before a notary public (page 18).

In addition, *all petitioners*, including attorneys, presenting an application on behalf of an applicant must complete "Petitioner's Information" and sign "Petitioner's Statement" (page 19).

## UNSWORN DECLARATION (INMATE)

My name is (First)_____ (Middle)_____ (Last)_____, my date

of birth is _____, and my inmate identifying number, if any, is _____.

I am presently incarcerated in (Corrections unit name)_____ in

(City) _____, (County)_____, (State) _____,

(Zip Code)_____. I declare under penalty of perjury that the contents of this application for a

writ of habeas corpus and the facts stated in the application form are true and correct.

Executed on the _____ day of (Month)_____ (Year)_____.

Signature of Declarant: _____

## UNSWORN DECLARATION (NON-INMATE)

My name is (First) _____ (Middle) _____ (Last)_____ , my

date of birth is _____ , and my address is (Street)_____

_____ , (City)_____ , (State)_____ , (Zip

Code)_____ , and (Country)_____ . I declare under penalty of perjury that

the contents of this application for a writ of habeas corpus and the facts stated in the application form

are true and correct.

Executed in _____County, State of _____ , on the

_____day of (Month)_____ (Year)_____ .

Signature of Declarant: _____

## OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF __Harris__

__Maggie Kiely_____, being duly sworn, under oath says: "I am the applicant or petitioner in this action and know the contents of this application for a writ of habeas corpus and, according to my belief, the facts stated in the application form are true."

_M Kiely_
Signature of Declarant

SUBSCRIBED AND SWORN TO BEFORE ME THIS _28_ DAY OF _October_, 20_21_.

_____
Signature of Notary Public

ALICIA SAUCEDA
132901804
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JANUARY 30, 2025

## PETITIONER'S INFORMATION

*(Contact information for a petitioner presenting this application on behalf of the applicant)*

Petitioner's printed name:  Maggie Kiely

State bar number, if applicable: 24110088

Address: 1201 Franklin St., 13th Floor

　　　　　Houston, Texas 77002

Telephone: 713-274-6700

Fax: 713-368-9278

Email Address: maggie.kiely@pdo.hctx.net

## PETITIONER'S STATEMENT

"I am signing and presenting this application form on behalf of the applicant for the purpose of obtaining relief from the applicant's felony conviction. I have consulted with the applicant concerning this application and the applicant has given consent to the filing of this application form."

　　　　　　　　　　　　　　Signature of Petitioner

　　　　　　　　　　Signed on  **October 28**　　, 20 **21**　.

*C*

$3^{2}7$                         *022 1964/*

| | | |
|---|---|---|
| THE STATE OF TEXAS | **02219641** | D.A. LOG NUMBER:1838972 |
| VS. | | CJIS TRACKING NO.:9167537065-A001 |
| **JARREL ALLEN CLEVELAND** | SPN: | BY: **TD** DA NO: 002126024 |
| 802 SEMINAR | DOB: BM 01/31/1988 | AGENCY:HPD |
| HOUSTON, TX 77060 | DATE PREPARED: 3/16/2012 | O/R NO: 033263812-G |
| | | ARREST DATE: 03/16/2012 |

NCIC CODE: 5599 04                         RELATED CASES:

FELONY CHARGE:  Possession of a Controlled Substance
CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:                    **1340694**          BAIL: $5000
FIRST SETTING DATE:                                 **337**              PRIOR CAUSE NO:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, **JARREL ALLEN CLEVELAND**, hereafter styled the Defendant, heretofore on or about **MARCH 16, 2012**, did then and there unlawfully intentionally and knowingly possess a controlled substance, namely, COCAINE, weighing less than one gram by aggregate weight, including any adulterants and dilutants:

> **EXHIBIT**
> **A**

> **FILED**
> Chris Daniel
> District Clerk
>
> MAR 1 6 2012
> Time:
> By _____
>         Harris County, Texas
>         Deputy

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on March 16, 2012

_____
AFFIANT

_____                         *2405848*
ASSISTANT DISTRICT ATTORNEY             BAR NO.
OF HARRIS COUNTY, TEXAS.

**COMPLAINT**

**EXHIBIT SIX**

RECOMMENDATION OF TEXAS DISTRICT
COURT
337 DISTRICT, HARRIS COUNTY

No. 1340694-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 337TH DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| JARREL CLEVELAND | § | OF HARRIS COUNTY, TEXAS |

## RECOMMENDATION REGARDING APPLICATION FOR WRIT OF HABEAS CORPUS

Having considered Applicant's Application for Writ of Habeas Corpus and Applicant's proposed findings of fact and conclusions of law, this Court hereby RECOMMENDS:

__X__ Relief is **RECOMMENDED,** and the Applicant should be returned to the position as if no final order or judgment had issued in Applicant's case, Cause Number 1340694.

OR

_____ Relief should be **DENIED.**

Signed and entered on this the _____ day of _____, 2021.

Signed:
12/7/2021

_____
Judge Presiding

11/11/2021 2:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59083393
By: T Reed
Filed: 11/11/2021 2:19 PM

No. 1340694-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 337TH DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| JARREL CLEVELAND | § | OF HARRIS COUNTY, TEXAS |

## APPLICANT'S PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW, RECOMMENDATION OF RELIEF, AND ORDER

The Court, having considered the Application for Writ of Habeas Corpus in the above cause, any exhibits attached to the application, and any affidavits or other evidence that has been otherwise filed in this cause, as well as the official court documents and records in underlying cause number 1340694, enters the following findings of fact, conclusions of law, recommendation of relief, and order.

### FINDINGS OF FACT

1. On March 16, 2012, Applicant was charged with possession of substance in p.g. 1, less than 1 gram (cocaine) in Cause Number 1340694 out of the 337th District Court of Harris County, Texas. *Exhibit A.*

2. On March 19, 2012, a formal charging instrument was issued in Applicant's case. *Exhibit B.*

3. On March 19, 2012, Applicant pleaded guilty to possession of substance in p.g. 1, less than 1 gram (cocaine) in exchange for deferred adjudication. *Exhibit C.* The trial judge granted the State's Motion to Adjudicate Guilt on August 24, 2013, and

Applicant was sentenced to seven months in state jail pursuant to the plea agreement. *Exhibit D.*

4. On January 24, 2013, evidence from Applicant's case was tested at the Houston Police Department Crime Laboratory, and it was determined that the evidence did not contain any controlled substance or dangerous drug. *Exhibit E.*

5. Applicant was never made aware of the January 24, 2013 lab report nor its implications regarding Cause Number 1340694.

6. Applicant will continue to suffer from collateral consequences from this conviction, including possible use of this conviction: to deny housing, federal benefits, and state benefits; as a punishment enhancement; to justify imposition of progressive punishment sanctions; during the punishment phase of a trial; as a basis to justify the denial of parole; as a basis to increase or deny bail, and continued economic/emotional/physical harm stemming from this case.

7. The State has agreed that Applicant is entitled to relief. *See State's Original Answer.*

CONCLUSIONS OF LAW

1. The collateral consequences Applicant suffers are sufficient to vest this Court with jurisdiction over this application for writ of habeas corpus. *Ex parte Harrington,* 310 S.W.3d 452, 456–57 (Tex. Crim. App. 2010).

2. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States,* 394 U.S. 459, 466 (1969).

3. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).

4. "The standard is whether the plea is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014).

5. In light of the January 24, 2013 laboratory report, the decision to plead guilty is not a "voluntary and intelligent choice" given that the laboratory report indicates that the sample tested by the laboratory analyst did not contain a controlled substance or dangerous drug, therefore Applicant could not have committed possession of substance in p.g. 1, less than 1 gram (cocaine).

6. The laboratory report establishes that the sample tested by the laboratory analyst did not contain a controlled substance or dangerous drug, therefore Applicant could not have committed possession of substance in p.g. 1, less than 1 gram (cocaine).

7. Applicant's conviction for possession of substance in p.g. 1, less than 1 gram (cocaine) violates due process. *Ex parte Moffett*, 542 S.W.2d 184, 185 (Tex. Crim. App. 1976); *see also Ex parte Saucedo*, 576 S.W.3d 712, 721 (Tex. Crim. App. 2019) (Keasler, J., concurring).

8. This Court recommends that Applicant's grounds for relief be **GRANTED.**

No. 1340694-A

| EX PARTE | § | IN THE 337TH DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| JARREL CLEVELAND | § | OF HARRIS COUNTY, TEXAS |

<u>**ORDER**</u>

The trial court orders that the district clerk prepare and transmit to the Court of Criminal Appeals a record that contains those items from cause numbers 1340694 and 1340694-A that are required to be included by Texas Rule of Appellate Procedure 73.4(b)(4). The trial court further orders that such record shall also include, as "pertinent documents or supplements" under Texas Rule of Appellate Procedure 73.4(b)(4), the following:

1. The Application for a Writ of Habeas Corpus, with all attachments;

2. All other documents that were otherwise filed among the papers of this cause.

The clerk is further ordered to send a copy of this order to counsel for the Applicant: Maggie Kiely, 1201 Franklin, 13th floor, Houston, Texas 77002; and to counsel for the State: Jill Burdette, 500 Jefferson Street, Suite 600, Houston, Texas 77002.

**By the following signature, the trial court adopts the Applicant's Proposed Findings of Fact and Conclusions of Law and Order in cause number 1340694-A.**

SIGNED this __8__ day of _December_ 2021

_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Proposed Findings of Facts and Conclusions of Law, Recommendation, and Order was efiled and served upon the Harris County District Attorney's Office (Jill Burdette) on November 11, 2021.

/s/ Maggie Kiely
**MAGGIE KIELY**
Assistant Public Defender
Post-Conviction Division
Harris County Public Defender's Office

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Alicia Sauceda on behalf of Sara Kiely
Bar No. 24110088
Alicia.Sauceda@pdo.hctx.net
Envelope ID: 59083393
Status as of 11/12/2021 9:54 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sara Kiely | 24110088 | maggiekiely24@gmail.com | 11/11/2021 2:19:49 PM | SENT |
| Jill Burdette | | Burdette_jill@dao.hctx.net | 11/11/2021 2:19:49 PM | SENT |

**EXHIBIT SEVEN**

ORDER GRANTING WRIT
OF *HABEAS CORPUS*
BY
TEXAS COURT OF CRIMINAL APPEALS



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-93,410-01

### EX PARTE JARREL CLEVELAND, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1340694-A IN THE 337ᵀᴴ DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.* YEARY, J. concurred in the result.

## OPINION

Applicant pleaded guilty, was convicted of possession of a controlled substance, and sentenced to seven months' imprisonment in this cause. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because at the time of his plea, he was not aware that the substance he possessed contained no controlled substances. The State agrees. Based on the record, the trial court has determined that Applicant's plea was involuntary.

Relief is granted. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014), *Brady v. United States*, 397 U.S. 742 (1970).  The judgment in cause number 1340694 in the 337ᵗʰ District Court of

2

Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charge as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 26, 2022
Do not publish





# UNITED STATES POSTAL SERVICE ®

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.
** See International Mail Manual at http://pe.usps.com for limitations of coverage.



# PRIORITY
★ MAIL ★

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Jaeeel Cleveland   #04759-579
Forrest City medium
P.O. Box 3000
Forrest City, AR. 72336

United States
Southern District of Texas
FILED
AUG 25 2023
Nathan Ochsner, Clerk of Court

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

## CERTIFIED MAIL®





7022 2410 0001 1453 6080

TO:
United States District Court
(W.S.D. Tex.) H.D.
P.O. Box 61010
Houston, Tx. 77002-2600

77208





Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE

PS00001000016

Padded Flat Rate Env
EP14PE September 2
ID: 9.5 x 12.5

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuses may be a violation of federal law.
This package is not for resale. EP14PE © U.S. Postal Service; February 2020; All rights reserved.

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

PRESS FIRMLY TO SEAL

how2recycle.info
PLASTIC